◼ In the Matter of ARNOLD GOLDSTEIN, Appellant, v. HORTENSE W. GABEL, as New York City Rent and Rehabilitation Administrator, Respondent.— Order entered on August 19, 1964 and judgment entered thereon, unanimously reversed on the law, with $50 costs, to appellant, the determination of the City Rent and Rehabilitation Administrator annulled and the matter remanded to the Administrator for reconsideration. The Administrator's rejection of the purchase price of the second sale as a valuation basis, for the sole reason that it represented a quick turnover, was an arbitrary one (*Matter of Maflo Holding Corp.* v. *Gabel*, 22 A D 2d 198). Furthermore, the second sale having been found by the State Rent Administrator to have been both bona fide and normally financed, the City Rent Administrator was bound to accept it as a valuation basis in this proceeding (*Matter of Ess Pee Bee Realty Corp.* v. *Gabel*, 22 A D 2d 207). Accordingly, the matter must be remitted for reconsideration by the Administrator. Upon such remand the Administrator must give effect to the income and expenses as of August 27, 1962 — including the then current taxes — the date on which the application was deemed to have been filed. The petitioner, having been granted — in a prior proceeding — an additional 3% rent increase effective September 29, 1962, is entitled thereto until such time as any increase which may be granted herein shall become effective. At such time the petitioner will be entitled to receive either the increase provided for by the State Rent Administrator's order of September 29, 1961 or by the order to be entered herein, whichever is greater. Obviously, he may not be entitled to both. Concur — Botein, P. J., Breitel, Rabin, Stevens and Eager, JJ.